**John C. RALEY, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE.**

**No. 81-1484.**

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit Rule 12(6) April 12, 1982.

Decided April 27, 1982.

Rehearing and Rehearing In Banc Denied May 25, 1982.

John C. Raley, pro se.

John F. Murray, Acting Asst. Atty. Gen., Michael L. Paup, Ann Belanger Durney, Mary L. Fahey, Attys., Tax Division, Dept. of Justice, Washington, D. C., for Internal Revenue.

Before ALDISERT, HUNTER and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge:

The Internal Revenue Service (the "IRS") assessed deficiencies in federal income taxes against appellant John C. Raley (the "taxpayer") for the tax years 1972 through 1976. In addition, the IRS assessed Raley a penalty for his failure to pay an estimated tax pursuant to the Internal Revenue Code ("I.R.C.") § 6654 and added a penalty in the amount of fifty percent of the deficiency for civil fraud pursuant to I.R.C. § 6653(b). The taxpayer contested the two penalty assessments in the United States Tax Court.[1]

The tax court ruled that the assessments resulting from Raley's failure to pay an estimated tax were proper and that Raley had failed to carry his burden of proof to the contrary. As to the civil fraud penalties, the tax court found that Raley's actions evidenced an intent to defraud the government by evading taxes which he knew or believed to be owed to the IRS, and therefore upheld the civil fraud assessments.

The only issue before us in this appeal is whether the appellant is liable for civil fraud penalties imposed pursuant to I.R.C. § 6653(b).[2] We hold that he is not and therefore reverse that much of the

1. Raley did not contest the correctness of the assessments for his underlying income tax deficiencies. Those deficiencies were in the amounts listed below. The contested additions to tax are also indicated:

| Taxable Year | Deficiency | Additions to tax Sec. 6654 | Sec. 6653(b) |
|---|---|---|---|
| 1972 | $2,177.77 | $ -0- | $1,088.89 |
| 1973 | 2,377.72 | 29.31 | 1,188.86 |
| 1974 | 2,984.18 | 95.37 | 1,492.09 |
| 1975 | 3,497.40 | 148.19 | 1,748.70 |
| 1976 | 3,264.00 | 121.85 | 1,632.00 |

2. Raley has not challenged the tax court's holding that he is liable for the addition to tax

decision of the tax court that holds to the contrary.[3]

## FACTS

The taxpayer is (and was for the years in question) a resident of Elizabeth, Pennsylvania. For the years 1972 through 1976, the taxpayer failed to file timely federal income tax returns. Prior to those years, the taxpayer had filed income tax returns jointly with his wife, Janet R. Raley.[4]

John Raley worked for United States Steel Corporation for each of the years in question. In 1973, and for each year thereafter, Raley supplied Form W–4E, Exemption from Withholding, to his employer. On each form Raley claimed that he had not incurred any federal income tax liability during the immediately prior year and that he did not anticipate any such liability for the then-current year. United States Steel stopped withholding federal income tax from Raley's income for the years 1973 through 1976.

Throughout this period (and for the following two years), Raley sent numerous letters concerning his refusal to pay the federal income tax to the Internal Revenue Service, the Secretary of the Treasury, various other high ranking federal officials, and to his employer. These letters included the following statements:

As I told you last year and the year before, I am no longer going to contribute voluntarily to your boss Mr. Rockefeller's establishment of a New World Order. Toward that end, I have filed form W4E of the unconstitutional Internal Revenue Service with my employer, stopping the unconstitutional confiscation of my property to be turned over to you and your fellow conspirators.

Letter to Treasury Secretary William E. Simon, March 5, 1976; Govt. Ex. H.

After all, my refusal to file the form 1040 only clouds the real issue, which is my refusal to pay 25 percent (or any percent) of my income to the International conspirators who have taken over our federal government.

Letter to the Internal Revenue Service, October 28, 1975; Govt Ex. S.

Hence, I will never again contribute voluntarily so much as one cent to the Federal Government, so long as it continues its destruction of the United States Constitution.

Letter to Treasury Secretary William E. Simon, April 3, 1975; Govt Ex. AB.

Of course you are wasting your time—I am never again voluntarily going to give the IRS one cent.

Letter to the Internal Revenue Service, February 19, 1975; Govt Ex. R.

On April 21, 1976 and May 3, 1976, Raley filed purported amended returns for the tax years 1972 and 1973. The returns were devoid of any information concerning the taxpayer's income. The taxpayer cited the United States Constitution and the Privacy Act as the basis for his failure to provide any information as to his income for the years in question.

On April 26, 1977, a grand jury returned an indictment against Raley charging him with willfully failing to file an individual income tax return for the years 1973 and 1974[5] and willfully submitting a false withholding exemption certificate with his employer for the tax year 1975.[6] Raley pled guilty to the charge of willful failure to file a return for the tax year 1974 and was convicted on November 23, 1977.

---

assessed against him pursuant to I.R.C. § 6654 for his failure to pay estimated taxes.

**3.** Appellee contends that this matter should be remanded for consideration of liability pursuant to I.R.C. § 6653(a) (5% penalty). Although Raley's actions may have been violative of this subsection of the statute, liability pursuant to this subsection has never been sought by the Government. As this argument was not raised

before the tax court, it is not properly before us in this appeal.

**4.** Janet Raley filed federal income tax returns for the years 1972 through 1976 as a married person filing separately. I.R.C. § 1. The Raleys were divorced in 1976.

**5.** I.R.C. § 7203.

**6.** I.R.C. § 7205.

On June 15, 1979, the Commissioner issued a notice of deficiency for the tax years 1972 through 1976. In addition, as set forth *supra*, civil fraud penalties and other costs were assessed. The tax court upheld the assessments of liability. This appeal followed.

## DISCUSSION

At issue is the taxpayer's liability under subsection (b) of the following statute:

§ 6653. Failure to pay tax

(a) Negligence or intentional disregard of rules and regulations with respect to income or gift taxes.—If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.

(b) Fraud.—If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. In the case of income taxes and gift taxes, this amount shall be in lieu of any amount determined under subsection (a).

We have held that fraud, as that term is used in this statutory provision, means "intentional wrongdoing on the part of a taxpayer motivated by a specific purpose to evade a tax known or believed to be owing." *Stoltzfus v. United States*, 398 F.2d 1002, 1004 (3d Cir. 1968), *cert. denied*, 393 U.S. 1020, 89 S.Ct. 627, 21 L.Ed.2d 565 (1969). The burden of proving fraud under § 6653 rests upon the government. 398 F.2d at 1005. That burden is a heavy one. *Agnellino v. Commissioner of Internal Revenue*, 302 F.2d 797, 801 (3d Cir. 1962).

Fraud can be established only by clear and convincing proof or "something impressively more than a slight preponderance of evidence." *Cirillo v. Commissioner of Internal Revenue*, 314 F.2d 478, 482 (3d Cir. 1963): *Valetti v. Commissioner of Internal Revenue*, 260 F.2d 185, 188 (3d Cir. 1958). There must be some convincing affirmative indication of the specific intent to defraud. *Stoltzfus*, 398 F.2d at 1005; *Cirillo*, 314 F.2d at 483. The failure to file tax returns is not enough. *Stoltzfus*, 398 F.2d at 1005. A showing by the IRS of a willful failure to file income tax returns without demonstrating the intent which accompanied that failure is insufficient to meet the clear and convincing standard upon which a finding of fraud must stand.[7] *Cirillo*, 314 F.2d at 483.

To meet its burden in this case, the Government relies upon Raley's filing of false withholding forms and incomplete tax returns which falsely indicated that they were amending prior returns. Also relied upon are Raley's actions in refusing to sign his income tax returns under penalty of perjury as well as his refusal to provide IRS with any information whatsoever in order that they might compute his proper tax liability.

Were this the only evidence before us, we might be inclined to agree with the Government that Raley intended to defraud the Government. However, also before us are the letters which Raley wrote and mailed to various federal officials involved in federal tax collection efforts. In those letters, the appellant went out of his way to inform every person involved in the collection process that he was not going to pay any federal income taxes. The letters do not support a claim of fraud; to the contrary, they make it clear that Raley intended to call attention to his failure to pay

---

7. Further guidance is provided by the statute itself. Subsection (a) of I.R.C. § 6653 imposes an addition to tax in the amount of *five* percent of the deficiency for the "intentional disregard of rules and regulations (*but without intent to defraud*)." (emphasis added) Subsection (b) of I.R.C. § 6653 imposes an addition to tax in

the amount of *fifty* percent of the deficiency when fraud is involved. Reading these two sub-sections of the statute together, it is clear that something greater than mere intentional disregard of rules and regulations is required to be proven by the IRS in order for a court to find fraud and liability under subsection (b).

taxes. It would be anomalous to suggest that Raley's numerous attempts to notify the Government are supportive, let alone suggestive, of an intent to defraud.

While the government has presented a substantial case, it has not shown a § 6653(b) violation by clear and convincing evidence: the evidence presented by the taxpayer is sufficient to "dilute" the Government's case. *See Stoltzfus*, 398 F.2d at 1005. The Government is required to show the specific intent to defraud on the part of a taxpayer. *Id.* As stated, this they have failed to do.

For the foregoing reasons, the decision of the tax court will be reversed so far as it found the appellant liable under I.R.C. § 6653(b).