JACK R. VINCENT, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Vincent v. Commissioner
Docket No. 27067-81
United States Tax Court
T.C. Memo 1983-602; 1983 Tax Ct. Memo LEXIS 198; 46 T.C.M. (CCH) 1538; T.C.M. (RIA) 83602; September 26, 1983. Robert C. Rogers, Jr., and Laurence J. Pino, for the petitioner. John F. Driscoll and Willie Fortenberry, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: This case is before the Court on respondent's motion for summary judgment filed pursuant to Rule 121, Tax Court Rules of Practice and Procedure.
Respondent *199 determined a deficiency of $2,066 in the 1979 Federal income tax of petitioner Jack R. Vincent, Jr., and also imposed an addition to tax of $1,033 under section 6653(b). [1] In an amended answer to the petition, respondent determined an additional deficiency of $1,559 and additional additions to tax of $780. The issues remaining for our decision are (1) whether respondent has shown that there are no disputed issues of material fact, and (2) if so, whether he is entitled to judgment as a matter of law. The substantive issues for our decision are (a) whether petitioner Vincent received gross income in 1979 and (b) whether any part of his underpayment is due to fraud. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation and attached exhibits are incorporated by this reference. Petitioner Jack R. Vincent, Jr. lived in Zephyrhills, Florida, when the return and the petition in this case were filed. He worked as a steamfitter and as a pipefitter during 1979, and earned wages totalling $19,369.63. Petitioner received *200 W-2 forms from his employers showing that income. During 1978 and 1979, petitioner filed signed W-4 forms with his employers. He claimed 10 allowances on one form and on the others stated that he was exempt from Federal withholding. The forms contained a statement that "[u]nder the penalties of perjury, I certify that the number of withholding exemptions and allowances claimed on this certificate does not exceed the number to which I am entitled." [2]
In January 1981 Mr. Vincent sent a "Request for Corrected Form W-2 Wage and Tax Statement" to his 1979 employers. This "notice" stated that (a) the amounts shown on the Form W-2 did not properly reflect amounts includable in gross income; (b) that the amount shown in box 10 should be corrected to comply with sections 71 through 84 of the Internal Revenue Code; (c) that the amount shown in box 12 should be corrected to show the proper amount of FICA wages includable in gross income; and (d) that the amount of FICA wages erroneously withheld should be returned to Jack R. Vincent, Jr. On October 16, 1981, petitioner *201 first filed a Form 1040A for tax year 1979. He reported gross income of zero, and wrote "incorrect" across the W-2 forms attached to the "return." On December 26, 1981, petitioner sent an affidavit to respondent in which he claimed a refund for his 1979 taxes and swore that the amounts shown on the W-2 forms received from his employers did not correctly reflect the amount includable in gross income. Petitioner Vincent filed a tax return showing a positive tax liability for the year ended December 31, 1978. Petitioner was contacted by respondent after filing his 1979 return. He arranged a meeting but failed to show up at the appointed time and place. Mr. Vincent did not appear at trial contending (through his counsel) that because his request for a jury trial had been denied he was not going to put on a case. OPINION Petitioner Jack R. Vincent, Jr. received wages of $19,369.63 during 1979, but failed to report these amounts on a Form 1040A filed in 1981. Respondent determined that these wages constituted gross income, and that petitioner was liable for a deficiency of $2,066. Petitioner contends that wages are not gross income because they were received as an equal exchange *202 for his labor. He argues that, unless some gain is proven, he is not subject to Federal income tax. We agree with respondent. Petitioner's argument has been considered and rejected numerous times by this and other courts. Rowlee v. Commissioner,80 T.C. 1111, 1119 (1983); Reading v. Commissioner,70 T.C. 730, (1978), affd. 614 F.2d 159 (8th Cir. 1980); Lynch v. Hornby,247 U.S. 339 (1918). Wages are specifically included in gross income by section 61(a)(1) and petitioner does not contest his receipt of these wages. [3] Respondent's determination of deficiency is therefore correct. Second, we must decide whether respondent is also entitled to summary judgment on the addition to tax under section 6653(b). The stipulations of fact, combined with *203 the exhibits and affidavits submitted by the parties convince us that there are no disputed issues, and that respondent is entitled to judgment as a matter of law. The existence of fraud is to be determined from consideration of all the facts and circumstances. Stratton v. Commissioner,54 T.C. 255, 284 (1970). Respondent bears the burden of proof, and must show clear and convincing evidence of each element of fraud. Section 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure; Stratton v. Commissioner, supra.He must show that the taxpayer intended to commit fraud, which has been described as an "intentional wrongdoing * * * motivated by a specific purpose to evade a tax known or believed to be owing." Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner,394 F.2d 366 (5th Cir. 1968). The elements to be shown are (1) an underpayment of tax, and (2) that some part of this underpayment was due to fraud. Plunkettv. Commissioner,465 F.2d 299, 303 (7th Cir. 1972). We have found that there was an underpayment in 1979, thus we now need to determine whether *204 any part of such underpayment was due to fraud. We believe that the W-4 forms on which petitioner claimed to be exempt from tax constitute evidence of fraudulent intent. Petitioner had paid taxes in prior years, thus must have known that he, like all other citizens, was required to pay Federal income tax. By signing a form and certifying that he claimed only the exemptions to which he was entitled, petitioner knowingly gave false information to the Federal Government; this resulted in inaccurate W-2 forms being filed with and as a part of his "return." Second, we find that the evidence produced by respondent shows that petitioner intended to evade tax in 1979. The form he filed for that year did not constitute an adequate return, Reiff v. Commissioner,77 T.C. 1169, 1177 (1981). While failure to file is not conclusive evidence of fraud, it is a factor worthy of consideration by the Court. Habersham-Bey v. Commissioner,78 T.C. 304 (1982). This evidence is particularly weighty when coupled with the submission of a false Form W-4. Habersham-Bey v. Commissioner,supra.[4]
*205 Petitioner also demonstrated his fraudulent intent by writing "incorrect" on the W-2 forms submitted with his "return." Regardless of petitioner's belief about his liability for Federal income tax, he did receive wages in 1979, a fact he acknowledges in his petition. By deliberately altering the W-2 form petitioner intended to mislead respondent and to evade the income tax. Petitioner Vincent is one of many taxpayers who engaged in similar courses of conduct. The practices were described in detail in Hebrank v. Commissioner,T.C. Memo. 1982-496 and Hebrank v. Commissioner, 81 T.C.     (issued this date). As noted there, we believe that the facts of Raley v. Commissioner,676 F.2d 980 (3d Cir. 1982), revg. on this issue T.C. Memo. 1980-571, are unusual and did not bar a finding of fraud in that case. There are minor factual differences between the Hebrank cases and the one at bar, but none is sufficient to compel a different result. Petitioner's false withholding statements, inadequate returns, and failure to cooperate convince us that he intended to thwart the mechanics of the income tax so as to evade payment of *206 a tax he knew he owed. On the facts before us this behavior is clearly fraudulent. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years at issue.↩
2. The statements on some forms used slightly different language, but had the same basic meaning as the statement quoted.↩
3. Petitioner in fact admits in his petition that he received $13,913.54 from various employers in 1979. Additional income of $5,456.09, and an increased deficiency was asserted by respondent in an amended answer. The facts asserted in that amendment were deemed admitted under Rule 37(c), Tax Court Rules of Practice and Procedure↩, by an order dated December 1, 1982.
4. See also Hebrank v. Commissioner,T.C. Memo. 1982-496↩.