JOHN J. FOLEY, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Foley v. Commissioner
Docket No. 2578-82.
United States Tax Court
T.C. Memo 1983-600; 1983 Tax Ct. Memo LEXIS 196; 46 T.C.M. (CCH) 1533; T.C.M. (RIA) 83600; September 26, 1983. Laurence J. Pino, for the petitioner. Willie Fortenberry, and John F. Driscoll, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: This case is before the Court on respondent's motion for summary judgment filed pursuant to Rule 121, Tax Court Rules of Practice and Procedure.
Respondent determined the following *197 deficiencies in, and additions to, the Federal income tax of petitioner John J. Foley, Jr.: Addition to Tax [1]
Year
Deficiency
under Sec. 6653(b)
1978
$4,155.47
$2,077.74
1979
3,438.00
1,719.00
We must decide, first, whether respondent has shown that there are no disputed issues of material fact and, if so, whether respondent is entitled to judgment as a matter of law. The substantive issues for our decision are (a) whether petitioner is liable for the asserted deficiencies and (b) whether any portion of petitioner's underpayments were due to fraud. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation and attached exhibits are incorporation by this reference. Petitioner John J. Foley, Jr. lived in Tampa, Florida when the returns and the petition in this case were filed. Petitioner worked as a steamfitter during the years at issue; he received wages totalling $20,436.69 in 1978 and $18,464.19 in 1979. Mr. Foley knew that this money constituted remuneration for his labor, and was issued *198 W-2's showing these wages. On January 4, 1978, petitioner filed a Form W-4 with his employer, Jacobs Constructors, Inc. He claimed to be exempt from Federal withholding tax, and signed his name after the following statement: "If claiming exemption from withholding, I certify that I incurred no liability for Federal income tax for last year and that I anticipate that I will incur no liability for Federal income tax for this year." Petitioner filed a return and paid income tax in 1976 and in 1977. On or about March 25, 1980 petitioner John Foley, Jr. completed, signed, and mailed a "Request for Corrected Form W-2, Wage and Tax Statement" to each of the companies he worked for in 1979. Identical letters were mailed to his 1978 employers on September 26, 1980. This "notice" stated that (a) the amounts shown on the Form W-2 did not property reflect amounts includable in gross income; (b) that the amount shown in box 10 [2] should be corrected to comply with sections 71 through 84 of the Internal Revenue Code; (c) that the amount shown in box 12 should be corrected to show that the proper amount of FICA wages includable in gross income; and (d) that the amount of FICA wages erroneously *199 withheld should be returned to J. J. Foley. On November 1, 1980 petitioner filed a Form 1040A for taxable years 1978 and 1979. Petitioner reported that his gross income was zero. The figures in the box captioned "wages, tips, other compensation" on the W-2 forms attached to the return had been obliterated. Petitioner attached copies of the requests for corrected W-2's sent to his employers. Also appended to the 1979 return were affidavits in which Mr. Foley claimed a refund for 1979 taxes and swore that the amount of income shown on his W-2 forms was incorrect. Petitioner was contacted by respondent's agent Martin Liegl in February 1981 regarding his 1978 and 1979 income taxes. He acknowledged receipt of respondent's letter, but failed to keep his appointment with Mr. Liegl. Mr. Foley did not appear at trial, contending (through counsel) that because his demand for a jury trial had been denied he would not put on a case.
OPINION The essential facts are not disputed. Petitioner John J. Foley, Jr. received *200 wages of $20,436.69 in 1978 and $18,464.19 in 1979, but failed to report these amounts on the 1040A forms he filed. Respondent determined that these wages constituted gross income, and that Mr. Foley was liable for deficiencies of $4,155.47 and $3,438, respectively. Petitioner contends that wages are not gross income because they were received as an equal exchange for his labor. He argues that unless gain is shown he is not subject to Federal income tax. We agree with respondent. Petitioner's argument has been considered and rejected numerous times by this and other courts. Rowlee v. Commissioner,80 T.C. 1111, 1119 (1983); Reading v. Commissioner,70 T.C. 730 (1978), affd. 614 F.2d 159 (8th Cir. 1980); Lynch v. Hornby,247 U.S. 339 (1918). Wages are specifically included in gross income by section 61(a)(1), and petitioner does not contest his receipt of this money. Respondent's determination of deficiency is therefore correct. Second, we must decide whether respondent is also entitled to summary judgment on the section 6653(b) addition to tax. We are persuaded by the stipulations of fact, exhibits, and affidavits *201 that there are no disputed issues, and that respondent is entitled to judgment as a matter of law. Petitioner's failure to file adequate returns for the years at issue, his submission of false W-4 forms, his sworn assertion that he was entitled to a refund of all tax withheld by the respondent, and his refusal to cooperate with respondent convince us that part of his underpayment during the years at issue was due to fraud. The existence of fraud is to be determined from consideration of all the facts and circumstances. Stratton v. Commissioner,54 T.C. 255, 284 (1970). Respondent bears the burden of proof, and must show clear and convincing evidence of each element of fraud. Section 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure; Stratton v. Commissioner,supra.He must show that the taxpayer intended to commit fraud, which has been described as an "intentional wrongdoing * * * motivated by a specific purpose to evade a tax known or believed to be owing." Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner,394 F.2d 366 (5th Cir. 1968). The elements to be shown *202 are (1) an underpayment of tax, and (2) that some part of this underpayment was due to fraud. Plunkett v. Commissioner,465 F.2d 299, 303 (7th Cir. 1972). We have found that petitioner underpaid his taxes in the years at issue; we must now determine whether any part of such underpayment was due to fraud. We believe that the W-4 forms on which petitioner claimed to be exempt from tax constitute evidence of fraudulent intent. Petitioner had paid taxes in prior years, and must have known that he, like all other citizens, was required to pay Federal income tax. By stating that he had incurred no liability in prior years and anticipated none in the present year, he knowingly gave false information to the Federal Government; this resulted in inaccurate W-2 forms being filed with and as a part of his "return." Second, we find that the evidence produced by respondent shows that petitioner intended to evade tax in 1978 and 1979. The forms he filed for those years did not constitute adequate returns, Reiff v. Commissioner,77 T.C. 1169, 1177 (1981). While failure to file is not conclusive evidence of fraud, it is a factor worthy of consideration by the *203 Court. Habersham-Bey v. Commissioner,78 T.C. 304 (1982). This evidence is particularly weighty when coupled with the submission of a false Form W-4. Habersham-Bey v. Commissioner,supra.[3]
Petitioner also demonstrated his fraudulent intent by obliterating some of the figures on the W-2 form attached to his "returns." The W-2 forms allow respondent to monitor compliance with the income tax laws, and are essential to efficient collection of the tax. By obliterating the crucial figures petitioner intentionally disrupted this process. Petitioner Foley is one of many taxpayers who engaged in similar courses of conduct. The practices were described in detail in Hebrank v. Commissioner,T.C. Memo. 1982-496 and Hebrank v. Commissioner, 81 T.C.     (issued this date). As noted there, we believe that the facts of Raley v. Commissioner,676 F.2d 980 (3d Cir. 1982), revg. on this issue T.C. Memo. 1980-571, are unusual and did not bar a finding of fraud in that case. There are minor factual differences between the *204 Hebrank cases and the one at bar, but none is sufficient to compel a different result.
Petitioner's false withholding statements, deliberate falsification of W-2 statements, inadequate returns, and failure to cooperate with respondent convince us that he intended to thwart the mechanics of the income tax so as to evade payment of a tax he knew he owed. On the facts before us this behavior is clearly fraudulent. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended in effect during the years at issue.↩
2. The "notice" sent in 1979 differed slightly insofar as it requested that the figures shown in boxes 10 and 12 (rather than in 12 and 14 as in 1978) be corrected.↩
3. See also Hebrank v. Commissioner,T.C. Memo. 1982-496↩.