JAMES F. HARVEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE Respondent
Harvey v. Commissioner
Docket No. 5425-82
United States Tax Court
T.C. Memo 1983-599; 1983 Tax Ct. Memo LEXIS 195; 46 T.C.M. (CCH) 1532; T.C.M. (RIA) 83599; September 26, 1983. Laurence J. Pino, for the petitioner. John F. Driscoll, and Willie Fortenberry, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined that petitioner James F. Harvey was liable for a deficiency of $8,283.95 and for additions to tax under section 6653(a) [1] ($414.19) and section 6651(a)(1) ($202.65), in his 1980 Federal income *196 tax. By amended answer respondent asserted that petitioner was liable for the addition to tax for fraud under section 6653(b), rather than for negligence as he had originally asserted. The correct addition to tax, he claims, is $4,141.98. The only issue remaining for our decision is whether petitioner is liable for fraud. [2]
FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation and attached exhibits are incorporated by this reference. Petitioner James F. Harvey lived in Plant City, Florida when the return and petition in this case were filed. He was employed by Southeastern Construction and Maintenance, Inc. during 1980, and received wages of $31,731.72 in exchange for his labor. A Form W-4 filed for that year claimed 10 allowances for purposes of Federal withholding.
*197 Petitioner filed returns and paid taxes in 1974, 1975, 1976, 1977, and 1978. On April 15, 1980, he filed a return for taxable year 1979 showing gross income of $18,324, and a tax liability of $2,898. On January 9, 1981, Mr. Harvey filed an amended return showing total income of zero. The form stated that he was entitled to a refund of $4,016.53. On May 4, 1981, petitioner submitted a Form 1040A to respondent on which he stated that his gross income in 1980 was zero. The W-2 form attached to the return was marked "incorrect." Petitioner also attached a copy of a letter sent to his employer entitled "Request for Corrected Form W-2." This "notice" stated that (a) the amounts shown on the Form W-2 did not properly reflect amounts includable in gross income; (b) that the amount shown in box 10 should be corrected to comply with sections 71 through 84 of the Internal Revenue Code; (c) that the amount shown in box 13 should be corrected to show the proper amount of FICA wages includable in gross income; and (d) that the amount of FICA wages erroneously withheld should be returned to J. F. Harvey. OPINION Petitioner James F. Harvey failed to file an adequate return in 1980, filed *198 a W-4 form claiming excessive withholding allowances, and requested that his employer send him a "correct" W-2 wage and withholding statement. Respondent contends that these actions constitute fraud, and says that petitioner is liable for the addition to tax under section 6653(b). We agree. The existence of fraud is to be determined from consideration of all the facts and circumstances. Stratton v. Commissioner,54 T.C. 255, 284 (1970). Respondent bears the burden of proof, and must show clear and convincing evidence of each element of fraud. Section 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure; Stratton v. Commissioner,supra.He must show that the taxpayer intended to commit fraud, which has been described as an "intentional wrong-doing * * * motivated by a specific purpose to evade a tax known or believed to be owing." Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner,394 F.2d 366 (5th Cir. 1968). The elements to be shown are (1) an underpayment of tax, and (2) that some part of this underpayment was due to fraud. Plunkett v. Commissioner,465 F.2d 299, 303 (7th Cir. 1972). *199 This Court has found that petitioner is liable for the asserted deficiencies, thus we need only determine whether any part of such underpayment was due to fraud. We believe that the submission of a W-4 form claiming excessive exemptions, and the filing a return showing gross income of zero constitutes evidence of fraudulent intent. Petitioner had paid taxes in prior years, and must have known that he, like all other citizens, was required to pay Federal income tax. By signing a form certifying that he was entitled to 10 exemptions, petitioner gave patently false information to the Federal Government, which resulted in inaccurate W-2 forms being filed with and as a part of his "return." Second, we find that the evidence produced by respondent shows that petitioner intended to evade tax in 1980. The form he filed for that year did not constitute an adequate return. Reiff v. Commissioner,77 T.C. 1169, 1177 (1981). While failure to file is not conclusive evidence of fraud, it is a factor worthy of consideration by the Court. Habersham-Bey v. Commissioner,78 T.C. 304 (1982). This evidence is particularly weighty when coupled with the submission *200 of a false Form W-4. Habersham-Bey v. Commissioner, supra.[3]
Petitioner also demonstrated his fraudulent intent by writing "incorrect" on the W-2 form attached to his return. Regardless of petitioner's thoughts about his liability for income tax, he did receive wages from his employers, a fact he acknowledged in his petition. In deliberately altering the W-2 as he did, petitioner intended to mislead respondent, delay his investigation, and to evade his taxes. Petitioner Harvey is one of many taxpayers who engaged in similar courses of conduct. The practices were described in detail in Hebrank v. Commissioner,T.C. Memo. 1982-496 and Hebrank v. Commissioner, 81 T.C.     (issued this date). As noted there, we believe that the facts of Raley v. Commissioner,676 F.2d 980 (3d Cir. 1982), revg. on this issue T.C. Memo. 1980-571, are unusual and did not bar a finding of fraud in that case. There are minor factual differences between the Hebrank cases and the one at bar, but none is sufficient to compel a different result. *201 Petitioner's false withholding statements, inadequate returns, and failure to cooperate convince us that he intended to thwart the mechanics of the income tax so as to evade payment of a tax he knew he owed. On the facts before us this behavior is clearly fraudulent. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. ↩
2. Petitioner was found liable for the deficiencies by an order of this Court entered on respondent's motion for partial summary judgment. Entry of a decision was held in abeyance until a determination was made with respect to the additions to tax.↩
3. See also Hebrank v. Commissioner,T.C. Memo. 1982-496↩.