LARRY ALMEDA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Almeda v. Commissioner
Docket No. 14933-82
United States Tax Court
T.C. Memo 1983-598; 1983 Tax Ct. Memo LEXIS 194; 46 T.C.M. (CCH) 1530; T.C.M. (RIA) 83598; September 26, 1983. Frederick W. Vollrath, for the petitioner. John F. Driscoll, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency of $1,445 in the 1979 Federal income tax of petitioner Larry Almeda, and also imposed an addition to tax under section 6653(b) [1] of $723. Respondent contends that if we do not find petitioner liable for fraud, we should find that he was negligent, and thus liable for the addition to tax under section 6653(a). After a concession, the sole issue for our decision is whether any part of petitioner's underpayment is due to fraud. *195 FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation and attached exhibits are incorporated by this reference. Petitioner Larry Almeda lived in Tampa, Florida when the return and the petition in this case were filed. Petitioner Almeda had an eleventh grade education, and worked for a few years as a school custodian. In 1979 he became a pipe fitter and a member of the Plumbers and Pipe Fitters Union, Local 64. During 1979 petitioner earned wages totalling $11,249.02, and received W-2 forms from his employers informing him of the amount earned. [2]
In 1979 one of petitioner's co-workers told him that a man named Charlie Herzog could help him minimize his taxes. Petitioner met Mr. Herzog and paid him $100 to fill out his Form 1040A. He never checked with another attorney or CPA to verify what he was told by Mr. Herzog. The 1979 "return" that petitioner *196 filed showed gross income of zero. The figures in box 10 ("wages, tips, other compensation") and box 12 ("total FICA wages") of the W-2 statements had been obliterated. Petitioner appended copies of "Request for Corrected Form W-2 Wage and Tax Statement" letters that he had sent to his employers in March of 1980. This "notice" stated that (a) the amounts shown on the Form W-2 did not properly reflect amounts includable in gross income; (b) that the amount shown in box 10 should be corrected to comply with sections 71 through 84 of the Internal Revenue Code; (c) that the amount shown in box 12 should be corrected to show the proper amount of FICA wages includable in gross income; and (d) that the FICA wages erroneously withheld should be returned to Larry Almeda. Mr. Almeda never received the corrected statements he requested, nor did he know of anyone else who did. Petitioner was contacted by an agent of respondent after filing his return and was told to refile. He got together with Mr. Herzog again and filed the same claim. [3] This time petitioner received a refund check from the IRS. *197 During 1979 petitioner Almeda filed W-4 forms claiming exemption from Federal withholding, relying on the advice of Mr. Herzog in doing so. The W-4 forms that Mr. Almeda signed contained the following statement: "If claiming exemption from withholding, I certify that I incurred no liability for Federal income tax for last year and I anticipate that I will incur no liability for Federal income tax this year." Petitioner had filed conventional returns and paid tax in 1977 and 1978. He also filed amended returns for 1978 showing gross income of zero. Throughout 1979, 1980, and 1981 petitioner was a member of the Keystone Society; Mr. Herzog was the vice president of that organization. Petitioner paid dues of $300 per year and in return received advice and assistance in Federal tax matters. Petitioner showed them all correspondence he received from the IRS, signed and mailed documents prepared by them, and relied on their advice. Petitioner later sought alternate advice, and prior to trial he conceded that he was liable for the deficiency asserted by respondent. OPINION Petitioner Larry Almeda filed a 1979 return reporting gross income of zero, filed W-4's claiming exemption *198 from Federal withholding, materially altered the W-2's attached to his returns, and refused to cooperate with respondent's requests for information and documents.Respondent contends that petitioner's actions were fraudulent, making him liable for the addition to tax under section 6653(b). We agree with respondent. The existence of fraud is to be determined from consideration of all the facts and circumstances. Stratton v. Commissioner,54 T.C. 255, 284 (1970). Respondent bears the burden of proof, and must show clear and convincing evidence of each element of fraud.Section 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure; Stratton v. Commissioner,supra.The elements to be shown are (1) an underpayment of tax, and (2) that some part of this underpayment was due to fraud. Plunkett v. Commissioner,465 F.2d 299, 303 (7th Cir. 1972).Petitioner has conceded that there was an underpayment of tax in 1979, thus we need only decide whether any part of such underpayment was due to fraud. We believe that petitioner knowingly submitted false information when he filed a W-4 form claiming exemption from Federal withholding. *199 Mr. Almeda had paid taxes in the past, and must have known that he, like all other citizens, was required to pay Federal income tax. By stating that he anticipated no liability in 1979, petitioner knowingly gave false information to the Federal Government, resulting in false W-2 forms filed with and as a part of his "return." Additionally, we find that the evidence produced by respondent shows that petitioner intended to evade tax in 1979. The form he filed did not constitute an adequate return. Reiff v. Commissioner,77 T.C. 1169, 1177 (1981). Failure to file is not conclusive evidence of fraud, but is a factor worthy of consideration, particularly when coupled with the submission of a false W-4 form. Habersham-Bey v. Commissioner, 78 T.C.. 304 (1982). [4]
Also, petitioner Almeda deliberately obliterated some of the information on the W-2 form he attached to his "return." In so doing petitioner altered the document so as to mislead respondent, and to make respondent's job of monitoring compliance more difficult. Petitioner quite clearly knew that he owed tax on *200 this wage income, since otherwise this step would have been unnecessary. Mr. Almeda is one of many taxpayers who engaged in similar courses of conduct in the late 1970's and early 1980's. Those practices were described in detail in Hebrank v. Commissioner,T.C. Memo. 1982-496 and Hebrank v. Commissioner, 81 T.C.     (issued this date). There are minor factual differences in these cases, but none is sufficient to compel a different result. As we noted in Hebrank v. Commissioner, 81 T.C.     (issued this date), we believe that the facts of Raley v. Commissioner,676 F.2d 980 (3d Cir. 1982), revg. on this issue T.C. Memo. 1980-571, render it distinguishable from the case before us. We thus find that in light of petitioner's false statements, deliberate falsification of his W-2 forms, and refusal to cooperate petitioner intended to evade payment of a tax he knew he owed. This behavior under the facts before us is clearly fraudulent. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years at issue.↩
2. The notice of deficiency shows taxable wages totalling $11,250.08; the stipulation shows total wage income of $11,249.02. The latter figure is the correct total of amounts found on W-2's issued by petitioner's employers, and we accept it as such for purposes of this case.↩
3. The first 1040A filed by petitioner claimed a refund of $778--the amount of Federal income tax withheld. The 1040X filed later claimed an additional $184.68, as excess FICA withheld by petitioner's employers.↩
4. See also Hebrank v. Commissioner,T.C. Memo. 1982-496↩.