CHARLES W. HERZOG, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Herzog v. Commissioner
Docket No. 20378-80, 20379-80.
United States Tax Court
T.C. Memo 1983-601; 1983 Tax Ct. Memo LEXIS 197; 46 T.C.M. (CCH) 1536; T.C.M. (RIA) 83601; September 26, 1983. Robert C. Rogers, Jr. and Laurence J. Pino, for the petitioner. John F. Driscoll and Willie Fortenberry, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined the following deficiencies in, and additions to, the Federal income tax of petitioner Charles W. Herzog: Addition to Tax [1]
Year
Deficiency
under Sec. 6653(b)
1977
$1,630
$815
1978
4,978
[2] 2,489
*198 The only issue remaining for our decision is whether petitioner is liable for fraud. [3]
FINDINGS OF FACT Some of the facts have been stipulated and those facts are so found. The stipulation and attached exhibits are incorporated by this reference. Petitioner Charles W. Herzog resided in Tampa, Florida, when the returns and petitions in this case were filed. During the years at issue petitioner received compensation from various employers in the Tampa area, and received "Wage and Tax Statements" (Form W-2) from them. He knew that the funds he received constituted remuneration paid in exchange for his labor. In 1976 and 1977 petitioner filed W-4 or W-4E forms with his employers on which he claimed to be exempt from withholding of Federal income tax. The Form W-4E's contained the statement that they were "[f]or use by employees who incurred no tax liability for 1976 and anticipate no tax liability for 1977." Petitioner signed the forms under penalties of perjury. On or about April 15, 1978 petitioner *199 filed a Form 1040 for taxable year 1977. All of the spaces were filled with the words "object-self incrimination"; various articles contesting the validity of the income tax were attached. Petitioner has filed no tax return, or document purporting to be a return, for 1978. On June 5, 1980, petitioner completed, signed, and mailed a form entitled "Request for Corrected Form W-2" to the companies he had worked for in 1977 and 1978. This "notice" stated that (a) the amounts shown on the Form W-2 did not properly reflect amounts includable in gross income; (b) that the amount shown in box 2 [box 12 for 1978] should be corrected to comply with sections 71 through 84 of the Internal Revenue Code; (c) that the amount shown in box 4 [box 14 for 1978] should be corrected to show the proper amount of FICA wages includable in gross income; and (d) that the amount of FICA wages erroneously withheld should be returned to C. W. Herzog. On June 18, 1980 petitioner mailed a letter to respondent asking for an explanation of the notice of deficiency. He stated that if he had owed taxes he would have paid them, then requested that respondent answer certain questions about the income tax. *200 Soon thereafter petitioner sent respondent another letter along with notarized affidavits affirming that he had no income, and that the amounts shown on his W-2 forms were incorrect. On August 12, 1980 the statutory notice of deficiency upon which this case is based was mailed to petitioner. In November 1978 respondent's agent Martin Liegl contacted petitioner and set up an appointment to discuss petitioner's "return." Mr. Herzog did not show up at the appointed time and place. He also failed to appear at trial, stating (through his counsel) that because his request for jury trial had been denied he was not going to put on a case. OPINION Petitioner Charles W. Herzog failed to file adequate returns in 1977 and 1978, filed W-4 forms claiming exemption from Federal withholding tax, requested that his employers send him "correct" W-2 statements, and submitted an affidavit to respondent claiming that he was entitled to a refund of all taxes withheld by his employers. Respondent contends that in so doing petitioner acted fraudulently, and is therefore liable for the addition to tax under section 6653(b). We agree with respondent, and find that petitioner owes the additions asserted *201 by respondent. The existence of fraud is to be determined from consideration of all the facts and circumstances. Stratton v. Commissioner,54 T.C. 255, 284 (1970). Respondent bears the burden of proof, and must show clear and convincing evidence of each element of fraud. Section 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure; Stratton v. Commissioner,supra.He must show that the taxpayer intended to commit fraud, which has been described as an "intentional wrongdoing * * * motivated by a specific purpose to evade a tax known or believed to be owing." Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner,394 F.2d 366 (5th Cir. 1968). The elements to be shown are (1) an underpayment of tax, and (2) that some part of this underpayment was due to fraud. Plunkett v. Commissioner,465 F.2d 299, 303 (7th Cir. 1972). In Herzog v. Commissioner,T.C. Memo. 1982-133, this Court found that petitioner had underpaid his taxes in both of the years at issue. We need, therefore, only to determine whether any part of such underpayment was *202 due to fraud. We believe that the W-4 and W-4E forms on which petitioner claimed to be exempt from tax constitute evidence of fraudulent intent. Petitioner had paid taxes in prior years, and must have known that he, like all other citizens, was required to pay Federal income tax. By signing a form stating that he had incurred no liability in prior years and anticipated none in the present year, petitioner knowingly gave false information to the Federal Government, resulting in inaccurate W-2 forms that were filed with and as a part of his "return." Second, we find that the evidence produced by respondent shows that petitioner intended to evade tax in 1977 and 1978. The form he filed for 1977 did not constitute an adequate return, Reiff v. Commissioner,77 T.C. 1169, 1177 (1981), and he filed no document for tax year 1978. While failure to file is not conclusive evidence of fraud, it is a factor worthy of consideration by the Court. Habersham-Bey v. Commissioner,78 T.C. 304 (1982). This evidence is particularly weighty when coupled with the submission of a false Form W-4. Habersham-Bey v. Commissioner,supra.[4]
*203 Petitioner Herzog is one of many taxpayers who engaged in similar conduct. The practices were described in detail in Hebrank v. Commissioner,T.C. Memo. 1982-496 and Hebrank v. Commissioner, 81 T.C.     (issued this date). As noted there, we believe that the facts of Raley v. Commissioner,676 F.2d 980 (3d Cir. 1982), revg. on this issue T.C. Memo. 1980-571, are unusual and did not bar a finding of fraud in that case. There are minor factual differences between the Hebrank cases and the one at bar, but none is sufficient to compel a different result. Petitioner's false withholding statements, inadequate returns, and failure to cooperate with respondent convince us that he intended to thwart the mechanics of the income tax so as to evade payment of a tax he knew he owed. On the facts, before us this behavior is clearly fraudulent. Decisions will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years at issue. ↩
2. Petitioner filed a separate petition for each taxable year; the two cases were consolidated by order of this Court dated April 21, 1981.↩
3. This Court held in Herzog v. Commissioner,T.C. Memo. 1982-133↩, that petitioner was liable for the deficiencies asserted in the statutory notice.
4. See also Hebrank v. Commissioner,T.C. Memo. 1982-496↩.