VIRGIL C. WATKINS, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Watkins v. Commissioner
Docket No. 926-82.
United States Tax Court
T.C. Memo 1983-603; 1983 Tax Ct. Memo LEXIS 199; 46 T.C.M. (CCH) 1540; T.C.M. (RIA) 83603; September 26, 1983. Laurence J. Pino, for the petitioner. John F. Driscoll, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined the following deficiencies, in, and additions to, the Federal income tax of petitioner Virgil C. Watkins, Jr.: Addition to Tax
Year
Deficiency
under Sec. 6653(b) [1]
1978
$2,106
$1,053.00
1979
3,295
1,647.50
The sole issue remaining for our decision is whether petitioner is liable for the addition to tax under section *200 6653(b). [2]
FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The stipulations and attached exhibits are incorporated by this reference. Petitioner resided in Brandon, Florida when the returns and petition in this case were filed. Virgil Watkins worked as a pipefitter and a steamfitter during the years at issue. He received wages totalling $12,246.36 in 1978 and $16,452.48 in 1979. He wrote "incorrect" across the W-2 forms he received, and reported no gross income on the Form 1040A he filed for 1978. That return was filed on July 14, 1981. No return was filed for 1979. Petitioner timely filed a return for 1977 showing gross income of $8,530.84; on July 18, 1981 he filed an amended return for that year showing gross income of zero. Petitioner stated on the Form 1040X that he was thereby making a claim for refund, and that the information on the W-2 form was erroneous. In 1978 *201 petitioner filed W-4 forms claiming 20 and 15 allowances for purposes of Federal withholding. In 1979 he claimed to be exempt. All of the W-4's were signed under penalties of perjury. On April 20, 1980, petitioner completed, signed and mailed a form entitled "Request for Corrected Form W-2" to the companies he had worked for in 1978. This "notice" stated that (a) the amounts shown on the Form W-2 did not properly reflect amounts includable in gross income; (b) that the amount shown in box 12 should be corrected to comply with sections 71 through 84 of the Internal Revenue Code; (c) that the amount shown in box 14 should be corrected to show the proper amount of FICA wages includable in gross income; and (d) that the amount of FICA wages erroneously withheld should be returned to V. C. Watkins. Petitioner Watkins followed a similar course of conduct in 1980 by claiming exemption from withholding, filing returns showing gross income of zero with W-2's marked "incorrect" attached, and requesting corrected W-2's from his employers.
During the fall of 1980 respondent's agent Barbara Ellis contacted petitioner about his 1978 and 1979 tax liabilities.He never responded to any of the *202 requests for information.
OPINION Petitioner Virgil Watkins failed to file an adequate return in 1978, filed no return in 1979, submitted false withholding statements to his employers, and failed to cooperate with respondent's agents. Respondent contends that these actions constitute fraud, and says petitioner is liable for an addition to tax under section 6653(b). We agree. The existence of fraud is to be determined from consideration of all the facts and circumstances. Stratton v. Commissioner,54 T.C. 255, 284 (1970). Respondent bears the burden of proof, and must show clear and convincing evidence of each element of fraud. Section 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure; Stratton v. Commissioner,supra.He must show that the taxpayer intended to commit fraud, which has been described an an "intentional wrongdoing * * * motivated by a specific purpose to evade a tax known or believed to be owing." Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner,394 F.2d 366 (5th Cir. 1968). The elements to be shown are (1) an underpayment of tax, and (2) *203 that some part of this underpayment was due to fraud. Plunkett v. Commissioner,465 F.2d 299, 303 (7th Cir. 1972). By an order dated August 31, 1982 this Court found that petitioner had underpaid his taxes in both of the years at issue. We need, therefore, only to determine whether any part of such underpayment was due to fraud. We believe that the W-4 forms on which petitioner claimed excessive allowances or total exemption from withholding constitute evidence of fraudulent intent. Petitioner had paid taxes in prior years, and must have known that he, like all other citizens, was required to pay Federal income tax. By claiming to be exempt from Federal withholding, and certifying that he took the correct number of allowances, petitioner knowingly gave false information to the Federal Government; this resulted in inaccurate W-2 forms being filed with and as a part of his "return." Second, we find that the evidence produced by respondent shows that petitioner intended to evade tax in 1978 and 1979. The form he filed for 1978 did not constitute an adequate return, Reiff v. Commissioner,77 T.C. 1169, 1177 (1981), and he filed no document for *204 tax year 1979. While failure to file is not conclusive evidence of fraud, it is a factor worthy of consideration by the Court. Habersham-Bey v. Commissioner,78 T.C. 304 (1982). This evidence is particularly weighty when coupled with the submission of a false Form W-4. Habersham-Bey v. Commissioner,supra.[3]
Petitioner also demonstrated his fraudulent intent by writing "incorrect" on the W-2 form attached to his return. Regardless of petitioner's thoughts about his liability for Federal income tax, he did receive wages during the years at issue, a fact he acknowledged in the petition. In deliberately altering the W-2 as he did petitioner intended to mislead respondent, delay his investigation, and to evade his taxes.
Petitioner Watkins is one of many taxpayers who engaged in similar courses of conduct. The practices were described in detail in Hebrank v. Commissioner,T.C. Memo. 1982-496 and Hebrank v. Commissioner, 81 T.C.     (issued this date). As noted there, we believe that the facts of Raley v. Commissioner,676 F.2d 980 (3d Cir. 1982), *205 revg. on this issue T.C. Memo 1980-571, are unusual and did not bar a finding of fraud in that case. There are minor factual differences between the Hebrank cases and the one at bar, but none is sufficient to compel a different result. Petitioner's false withholding statements, inadequate returns, and failure to cooperate convince us that he intended to thwart the mechanics of the income tax so as to evade payment of a tax he knew he owed. On the facts before us this behavior is clearly fraudulent. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years at issue.↩
2. Petitioner was found liable for the deficiencies by an order of this Court entered on respondent's motion for partial summary judgment. Entry of a decision was held in abeyance until a determination was made with respect to the additions to tax.↩
3. See also Hebrank v. Commissioner,T.C. Memo. 1982-496↩.