CLAUDE E. CAVENAUGH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cavenaugh v. Commissioner
Docket No. 35651-86.
United States Tax Court
T.C. Memo 1987-622; 1987 Tax Ct. Memo LEXIS 667; 54 T.C.M. (CCH) 1384; T.C.M. (RIA) 87622; December 29, 1987. Claude E. Cavenaugh, pro se. Manuel Porro-Vizcarra, for the respondent. PARR
MEMORANDUM OPINION PARR, Judge: When this case was called from the trial calendar beginning November 30, 1987, in Houston, Texas, petitioner did not appear in person or through counsel. *668 Respondent appeared through counsel and filed motions to dismiss for lack of prosecution and for damages under section 6673. [1] In his motion to dismiss for lack of prosecution respondent also asked the Court to impose the addition to tax for fraud sought in his notice of deficiency, on which respondent bears the burden of proof. In his notice of deficiency dated June 17, 1986, respondent determined a deficiency in income tax for 1983 of $ 5,237 and a deficiency in income tax for 1984 of $ 19,994. Respondent also determined the following additions to tax pursuant to the Internal Revenue Code of 1954: Year
§ 6651(a)
§ 6653(a)(1)
§ 6653(a)(2)
§ 6653(b)(1)
§ 6653(b)(2)
§ 6654
§ 6661
1983
$ 1,088
$ 262
*
-0-
-0-
$ 253
$   524
1984
-0-
-0-
-0-
$ 9,997
*
918
1,999
The findings of fact are based upon the undenied *669 affirmative allegations raised in respondent's answer and deemed admitted under Rule 37(c) by our order dated March 27, 1986; and on respondent's proposed stipulation of facts and exhibits attached thereto deemed to be established for purposes of this case pursuant to Rule 91(f) by our order of October 16, 1987. Dismissal
A brief chronology of communications between petitioner and the Court reveals petitioner's failure to properly prosecute his case. The 11-page petition filed September 2, 1986, is replete with protester arguments with which this Court is all too familiar and which we have rejected time and time again. Attached to the petition is a copy of the notice of deficiency in which the amounts and year have been whited out. Respondent filed an answer on October 30, 1986. The answer contained affirmative allegations in support of his addition to tax for fraud for the year 1984. Petitioner filed no reply. The time within which to file such a reply expired on December 12, 1986. On January 12, 1987, respondent moved for entry of an order that the undenied allegations in the answer be deemed admitted under Rule 37(c). We served a notice of filing of the motion on *670 petitioner on January 17, 1987, giving him until February 10, 1987, to file a reply, and advising him that if he did not file a reply as directed the Court would grant respondent's motion and deem the affirmative allegations admitted for purposes of this case. This notice was served on petitioner January 20, 1987. Petitioner did not reply, and we granted respondent's motion on March 27, 1987. On June 24, 1987, we served the parties in this case with a notice setting the case for trial on November 30, 1987. The notice states: The calendar for that Session will be called at 10:00 A.M. on that date and both parties are expected to be present at that time and be prepared to try the case. YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU. Our pretrial order dated June 24, 1987, attached to the notice, states, in part: all parties shall be prepared for trial at any time during the term of the trial session unless a specific date has been previously set by the Court. * * * If any unexcused failure to comply with this Order adversely affects the timing or conduct of the trial, the Court may impose appropriate sanctions, including dismissal, *671 * * *
The notice and order were served on petitioner at the address listed on his petition and were not returned by the post office. On August 31, 1987, respondent moved under Rule 91(f) for an order to show cause why facts and evidence in his proposed stipulation of facts should not be accepted as established. In his motion respondent stated that he mailed the proposed stipulation to petitioner on May 7, 1987, with a cover letter explaining the requirements of Rule 91(a), and that petitioner refused to stipulate facts. On September 8, 1987, we ordered petitioner to respond by September 22, 1987, showing why the matters set forth in respondent's motion papers should not be deemed admitted. Our order states, "If no response is filed within the period specified above with respect to any matter portion thereof, or if the response is evasive or not fairly directed to the proposed stipulation or portion thereof, that matter or portion thereof will be deemed stipulated for purposes of the pending case, and an order will be entered accordingly, pursuant to Rule 91(f)(3)." Petitioner did not respond to the order to show cause, and on October 16, 1987, our show cause order was made *672 absolute and the facts and evidence in respondent's proposed stipulation were deemed established. Although petitioner did not respond to the order to show cause, he filed his own motion to dismiss on October 2, 1987. He asserted that he has now filed true and accurate tax returns for the years 1983 and 1984 and that the Tax Court proceedings would therefore be "redundant." On October 6, 1987, we denied his motion. By letter dated October 22, 1987, petitioner asked the Court to explain why his motion to dismiss had been denied. He said, "As the plaintiff, I thought that the petition to the Court was mine and could be withdrawn should I no longer feel the need for the authority of the Court to mediate the differences of opinion between myself and defendant." The Court responded to this letter on November 10, 1987, explaining that if we had granted petitioner's request to dismiss, section 7459(d) would require that a decision be entered against petitioner. On October 26, 1987, respondent moved to compel answers to interrogatories served on petitioner August 26, 1987, and to compel production of documents requested August 27, 1987, to which petitioner had failed to respond. On *673 October 28, 1987, we ordered petitioner to answer the interrogatories and produce the requested documents by November 13, 1987. In our order, we stated: Petitioner is admonished that in the event he does not fully comply with the provisions of this order, the Court will be inclined to dismiss this case and enter a decision against petitioner and a default judgment in favor of the respondent.
Petitioner did not comply with the order. There is no doubt in the Court's mind that petitioner was fully informed of his responsibilities to properly prosecute his case, and that he was warned of the consequences of failing to do so. Nevertheless, he steadfastly refused. His nonappearance at trial is only the last in a series of continuing refusals to obey the orders and rules of this Court. Therefore, respondent's motion to dismiss as to the deficiencies for 1983 and 1984 and additions to tax under sections 6651(a), 6653(a)(1) and (a)(2), 6654, and 6661 is granted. Fraud
The burden of proving fraud, by clear and convincing evidence, is on respondent. Section 7454(a); Rule 142(b); Imburgia v. Commissioner,22 T.C. 1002 (1954). This burden is met if it is *674 shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead or otherwise prevent the collection of such taxes. Webb v. Commissioner,394 F.2d 366, 377 (5th Cir. 1968), affirming a Memorandum Opinion of this Court. We, therefore, examine the facts deemed established for purposes of this trial by our orders of March 27, 1987, and October 16, 1987: During taxable year 1984 petitioner was employed by Multi-AMP Testing Service Corporation (Multi-AMP) in Dallas, Texas. Multi-AMP paid petitioner $ 48,277.21 in wages during 1984. Multi-AMP also paid petitioner $ 12,740 to cover living expenses incurred outside the Texas area. Multi-AMP advised petitioner by letter dated January 15, 1985, that he was responsible for reporting this amount as taxable income. Petitioner filed no Federal income tax return for taxable year 1984. On or about May 22, 1984, petitioner filed a false W-4 claiming to be exempt from Federal withholding taxes. On or about October 31, 1984, petitioner filed a frivolous claim for refund of withheld 1984 taxes alleging that he was not required to pay an "excise" tax. The records of the Internal Revenue *675 Service indicate that petitioner filed an income tax return for taxable year 1982. Petitioner is not entitled to any deductions, exemptions, or credits for 1984 in excess of those allowed by respondent in his notice of deficiency. Petitioner mailed a document dated October 31, 1984, to respondent, which was received November 13, 1984, by the office of the District Director, Wichita, Kansas. [2] The document advises respondent, "We have determined to our satisfaction that we did not and do not have any liability for an 'income' tax." The lengthy document is replete with protester arguments concerning the constitutionality of the Sixteenth Amendment and the Internal Revenue Code and the essence of which is that wages are not taxable income. Attached to the letter is a notarized affidavit signed by petitioner which states, among other things, that he is giving notice to respondent "that I am not a person required to file, nor am I subject to the administrative jurisdiction of the Internal Revenue Service." *676 Respondent's revenue agent wrote petitioner on August 12, 1985, setting up an appointment, and requesting petitioner to bring to the meeting his books and records, bank records, and forms W-2 and 1099 furnished him for 1983 and 1984. Respondent's agent enclosed a copy of Publication 5 which explains examination and appeal rights. Petitioner responded on August 22, 1985, refusing to attend the appointment and denying he had any tax liability. The letter was signed "Claude E. Cavenaugh, private citizen." The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud will never be presumed. Beaver v. Commissioner,55 T.C. 85, 92 (1970). Fraud may, however, be proved by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. The taxpayer's entire course of conduct may establish the requisite fraudulent intent. Stone v. Commissioner,56 T.C. 213, 223-224 (1971); Otsuki v. Commissioner,53 T.C. 96, 105-106 (1969). *677 Failure to file tax returns, without more, is not proof of fraud. Kotmair v. Commissioner,86 T.C. 1253 (1986). Failure to file, however, may be considered in connection with other facts in determining whether any deficiency or underpayment of tax is due to fraud. Beaver v. Commissioner, supra at 93. Here, there is no question that petitioner's purpose was to avoid, and not merely to postpone, the payment of taxes that he claims he was not obligated to pay. Petitioner was aware of his obligation to file, as shown by the fact that he filed a return in 1982. He not only failed to file, but he filed a false W-4 form stating he was exempt from income tax. He filed a frivolous claim for refund of "excise" tax. He refused to cooperate with IRS in attempting to determine his correct tax liability. On the basis of the entire record, petitioner's conduct must be viewed as intended to conceal, mislead, or otherwise prevent the collection of taxes he knew or believed he owed. A different result is not compelled by Raley v. Commissioner,676 F.2d 980 (3d Cir. 1982), revg. a Memorandum Opinion of this Court. In Raley the taxpayer *678 sent numerous letters to the IRS and the Secretary of the Treasury, saying he would never voluntarily pay income tax and that he had filed a Form W-4E to have withholding stopped. The Third Circuit held that the Commissioner had not proved fraud because the taxpayer "went out of his way to inform every person involved in the collection process that he was not going to pay any income taxes." In the present case, the language of petitioner's letter of October 31, 1984, to the Commissioner does not indicate a refusal to pay taxes he knows to be owing. Instead, petitioner falsely denies that he is obligated to pay any taxes at all. Furthermore, petitioner never revealed to the IRS that he filed false W-4 forms. [3]
Thus, we conclude respondent has met his burden of proving fraud by clear and convincing evidence. Damages
Respondent asked the Court to award damages under section 6673 against petitioner on the grounds that petitioner knew or *679 should have known that his position in the above-entitled case was frivolous and/or his actions or inactions were merely designed to delay the payment of tax. Clearly, petitioner's protester arguments are frivolous and have been declared so by every court to consider them. See, e.g., Rowlee v. Commissioner,80 T.C. 1111 (1983), and cases cited therein. Petitioner failed to appear at the trial and has never addressed the substantive issues in this case. Petitioner of course had every right to contest respondent's allegations with regard to the section 6653(b) addition to tax for fraud, and exercising or failing to exercise this right cannot be a basis for awarding damages pursuant to section 6673. But petitioner's frivolous allegations in his petition, coupled with his obvious indifference to the prosecution of his case, are evidence that this proceeding was instigated primarily to delay the payment of his taxes. See French v. Commissioner,T.C. Memo. 1986-109. Damages will be awarded to the United States in the amount of $ 5,000. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted. ↩
*. 50% of the interest due on all of the underpayment of tax claimed. ↩
2. The letter is addressed to the Commissioner of Internal Revenue in Washington, D.C. It is not apparent from the document when or whether it was received in Washington and then forwarded to Wichita. ↩
3. See also Granado v. Commissioner,792 F.2d 91, 94↩ (7th Cir. 1986) ("A taxpayer cannot avoid the fraud penalties by notifying the Commissioner that he has been evading taxes and that he will continue to do so.").