PETER K. HALLOCK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hallock v. Commissioner
Docket No. 23436-81.
United States Tax Court
T.C. Memo 1983-684; 1983 Tax Ct. Memo LEXIS 101; 47 T.C.M. (CCH) 317; T.C.M. (RIA) 83684; November 17, 1983. *101 P filed a Form 1040 for 1975 on which he failed to provide specific information as to income and deductions. On such form, he asserted a variety of constitutional objections and attached a number of printed materials supporting his contentions. P filed no Forms 1040 for 1976, 1977, and 1978. In addition, he filed false W-4 worms with his employer for 1976, 1977, and 1978 and claimed that he was exempt from withholding. Held, P's constitutional claims are without merit, and the Commissioner's determinations are sustained as to the deficiencies. Held, further, P is liable for the additions to tax for fraud under sec. 6653(b), I.R.C. 1954. Peter K. Hallock, pro se. Warren P. Simonsen, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined the following deficiencies in and additions to the petitioner's Federal income taxes: Addition to Tax
Sec. 6653(b)
Year
Deficiency
I.R.C. 1954 [1]
1975
$764.00
$382.00
1976
1,134.00
567.00
1977
865.00
433.00
1978
1,155.00
578.00
After a concession by the Commissioner, the issues remaining for decision are: (1) Whether the petitioner is liable for the deficiencies determined by the Commissioner; and (2) whether the petitioner is liable for the additions to tax for fraud. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioner, Peter K. Hallock, resided in Marion, Pa., at the time he filed his petition in this case. Mr. Hallock graduated from Pennsylvania State University in 1964 with a B.S. degree in forestry. While attending college, he also studied economics and accounting. *103 During 1971, he was employed as a stockbroker, and in 1972 and 1973, he was a gold and silver broker. Mr. Hallock's duties required that he generally understand income tax laws and that he keep current with changes in such laws. During the years in issue, Mr. Hallock was generally familiar with the requirements of the income tax laws.In testimony, he admitted that he knew how to complete a Form 1040. Moreover, the returns for 1971, 1972, and 1973 appear to have been properly completed. He prepared the 1971 return. During 1975 through 1978, Mr. Hallock was employed by Coca-Cola Bottling Works, Inc. (Coca-Cola), as a driver-deliveryman. He received wages for such years in the following amounts: 1975
$9,644
1976
10,998
1977
11,694
1978
11,606
For 1975, Mr. Hallock filed an individual Form 1040 containing his name, address, and social security number. Such form was unsigned and undated and contained no information with respect to his income and deductions. At the top of such form was handwritten: "Filed under protest and citing Amendment XIII to the U.S. Constitution." Thereafter, Mr. Hallock filed an 87-page document labeled "1040 Amended" for 1975. *104 Such document was dated April 27, 1976, and was received by the Internal Revenue Service Center at Philadelphia on May 10, 1976. The document contained printed statements indicating that Mr. Hallock did "Not understand this return nor the laws that may apply to me." The document reported total income of "under 25" with a footnote explaining that such figure was "Expressed in Constitutional Dollars of Silver and/or Gold." He claimed exemptions of $3,000, which figure he did not adjust to "constitutional dollars." He entered no other amounts and stated that "Specific objection is taken to the specific question, on grounds of the 1st, 4th, 5th, 7th, 9th, 10th, 13th, 14th, and 16th Amendments as to Federal Reserve Notes." The remaining 85 pages of such document consisted of news clippings, assorted articles, and excerpts from various cases purporting to support his constitutional claims, but such materials were irrelevant to the determination of Mr. Hallock's tax liability. By letter dated August 6, 1976, Mr. Hallock directed the IRS to file such "amended" Form 1040 as his return for 1975. Attached to such letter was a statement billing the IRS for $1,200 for "Twelve (12) yeras of *105 annual bookkeeping and accounting, done without the required payment in compliance with the clear language of the Thirteenth Amendment of the U.S. Constitution clearly prohibiting any form of involuntary servitude or slavery." Mr. Hallock requested payment of the $1,200 in "Constitutional Money" which he defined as "412.5 grains of standard silver troy weight per dollar." Mr. Hallock did not file any Forms 1040 for 1976, 1977, or 1978. By letter dated July 21, 1976, Mr. Hallock wrote to Coca-Cola and requested that the company stop withholding State and Federal income taxes from his wages. In such letter, he wrote: I HEREBY CERTIFY the following: 1. THAT certain financial information concerning my income and losses for the 1975 taxable year was not known to me when I filed my 1040 and PA-40 forms. 2. THAT upon receipt of this new information, and in accordance with the allowable filing procedures of the Internal Revenue Service and the Penna. State Personal Income Tax Bureau, I filed an amended 1040 and PA-40 form with these agencies showing the newly received information. 3. THAT I expect no relief from the conditions which resulted in my incurring no tax liability *106 for 1975 and anticipate no tax liability for 1976. 4. THAT because of the above described circumstances. I have attached to this letter a completed W-4E and RIT-214 form with each signed "under penalties of perjury." WHEREFORE, I PRAY AS FOLLOWS: (1) FOR you to notify me immediately if you are questioned by anyone regarding the propriety of my action. (2) FOR you to cease deducting both State and Federal income-tax from my paycheck forthwith. [Emphasis in original.] On the same day, he submitted an executed Form W-4E to his employer in which he certified, under penalties of perjury, that he incurred no Federal income tax liability in 1975 and anticipated that he would incur no Federal income tax liability for 1976. Mr. Hallock filed similar Forms W-4E for 1977 and 1978. For each year in issue, Mr. Hallock received W-2 forms from Coca-Cola setting forth the amount of wages he received and the amount of Federal income taxes withheld. In 1975, Federal taxes of $847.90 were withheld from his wages, and in 1976, Federal taxes of $572.80 were withheld from his wages. During 1977 and 1978, Coca-Cola withheld no Federal income taxes from his wages. On January 4, 1978, Mr. *107 Hallock signed an affidavit in which he swore that he incurred no Federal income tax liability for 1976. He submitted such affidavit to an agent of the Commissioner. In his notice of deficiency, the Commissioner determined that Mr. Hallock was liable for deficiencies in income taxes for each of the years 1975, 1976, 1977, and 1978. The Commissioner also determined that at least a part of the underpayment for each year was due to fraud within the meaning of section 6653(b). OPINION The first issue for decision is whether the petitioner is liable for the deficiencies determined by the Commissioner. At trial, the petitioner introduced no evidence to disprove the Commissioner's determinations. The petitioner was content to present this Court with the usual plethora of "protest" contentions; all are so patently frivolous that their refutation merits no discussion. See Rowlee v. Commissioner,80 T.C. 1111 (1983), on appeal (2d Cir., Sept. 13, 1983). The Commissioner's deficiency determinations are sustained. The second issue for decision is whether the petitioner is liable for the addition to tax for fraud for 1976, 1977, and 1978. [2]Section 6653(b) provides *108 that if any part of any underpayment of tax required to be shown on a return is due to fraud there shall be added to the tax an amount equal to 50 percent of the underpayment. The Commissioner bears the burden of proving fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure; Levinson v. United States,496 F.2d 651 (3d Cir. 1974); Miller v. Commissioner,51 T.C. 915, 918 (1969). The Commissioner has clearly established that the petitioner underpaid his taxes in 1976, 1977, and 1978. We must determine whether the underpayments were due to fraud. The Commissioner must prove that the taxpayer intended to evade taxes which he knew or believed that he owed by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner,394 F.2d 366 (5th Cir. 1968), affg. a Memorandum Opinion of this Court; Acker v. Commissioner,26 T.C. 107 (1956). The presence of fraud is a fractual question *109 to be determined by an examination of the entire record. Mensik v. Commissioner,328 F.2d 147, 150 (7th Cir. 1964), affg. 37 T.C. 703 (1962); Otsuki v. Commissioner,53 T.C. 96 (1969). The Commissioner has adduced considerable evidence to show the petitioner's fraud. The petitioner is an intelligent and educated man, who, in years prior to those in issue, filed properly completed returns. His brokerage jobs required that he be familiar with the tax consequences of the purchase and sale of stocks and precious metals. The petitioner's conduct during the years in issue did not result from ignorance of the requirements of the income tax laws. The record shows clearly that he was aware of such laws but chose not to comply with them. The document the petitioner filed as a return for 1975 and the document he filed purporting to amend such "return" contained no information from which his tax liability could be determined and did not constitute returns within the meaning of section 6011 and the regulations thereunder. Jarvis v. Commissioner,78 T.C. 646 (1982); Thompson v. Commissioner,78 T.C. 558 (1982). *110 The petitioner filed no returns at all for 1976, 1977, and 1978. Although his failure to file tax returns is not conclusive proof of fraudulent intent, it may be considered with other facts in determining whether any part of the underpayment of tax is due to fraud. Marsellus v. Commissioner,544 F.2d 883, 885 (5th Cir. 1977), affg. a Memorandum Opinion of this Court; Stoltzfus v. United States,398 F.2d at 1005; Rowlee v. Commissioner,80 T.C. at 1123-1124; Beaver v. Commissioner,55 T.C. 85 (1970). The petitioner submitted Forms W-4E to his employer for 1976, 1977, and 1978, falsely claiming that he was exempt from withholding. In addition, he submitted a letter to his employer in 1976, in which he claimed that he had discovered new information concerning his 1975 income and losses, that he had filed an amended return for 1975 to reflect the new information, and that he expected to incur no tax liability for 1976. There is no indication that the petitioner had discovered any information which had any bearing on his tax liability for 1975; neither his "original return" nor his "amended return" for such year contained *111 information from which his tax liability could be determined. In summary, the letter contained false statements designed to support his false claim that he was not subject to withholding. In addition, in his letter, the petitioner asked his employer to notify him immediately "if you are questioned by anyone regarding the propriety of my action." (Emphasis in original.) When viewed in light of his other conduct, this statement indicates that the petitioner was aware that his actions were of dubious legality and that he would be audited for claiming to be exempt from withholding. The Commissioner has presented a compelling case to support his determination of the petitioner's fraud. When a taxpayer such as the petitioner, aware of his obligation under the law, fails to file tax returns and files false Forms W-4E in order to escape withholding, the conclusion that the taxpayer intended to defraud the Government becomes almost inescapable. See Hebrank v. Commissioner, 81 T.C.     (Sept. 26, 1983); Rowlee v. Commission,80 T.C. at 1125-1126; Habersham-Bey v. Commissioner,78 T.C. 304, 313 (1982).[3]
*112 The petitioner claims that during the years in issue he sincerely believed that Federal Reserve notes were not dollars and that therefore he was not liable for Federal income tax. Thus, the petitioner concludes that this conduct during 1976, 1977, and 1978 was motivated by his sincerely held beliefs and that he did not intend to defraud the Government. We find the petitioner's argument to be wholly devoid of merit. The petitioner knew of his obligation to file returns and pay taxes; yet he deliberately chose to ignore his responsibilities. The petitioner's fraud is not vitiated merely because it may have been motivated by a political belief that the law is wrong or by an unreasonable belief that particular tax statutes are unconstitutional. Freedom of expression does not include the right to defraud the Government. See United States v. Moore,627 F.2d 830 (7th Cir. 1980); United States v. Malinowski,472 F.2d 850 (3d Cir. 1973); Rowlee v. Commissioner,80 T.C. at 1125; Habersham-Bey v. Commissioner,supra at 313-314. Finally, the present case is distinguishable from Raley v. Commissioner,676 F.2d 980 (3d Cir. 1982), *113 revg. a Memorandum Opinion of this Court. During the years at issue in Raley, the taxpayer sent several letters to the Commissioner and the Secretary of the Treasury specifically informing them that he would never voluntarily pay any income tax and that he had filed a Form W-4E "of the unconstitutional Internal Revenue Service * * * stopping the unconstitutional confiscation of my property to be turned over to you and your fellow conspirators." 676 F.2d at 982. The Third Circuit held that the Commissioner had not proved fraud because the taxpayer "went out of his way to inform every person involved in the collection process that he was not going to pay any federal income taxes. The letters * * * make it clear that Raley intended to call attention to his failure to pay taxes." 676 F.2d at 983-984. By contrast, in his correspondence with the Government during the years in issue, Mr. Hallock never specifically stated that he would not voluntarily pay any income tax. More importantly, he never revealed to the IRS that he had filed false Forms W-4E. Mr. Hallock's filing of protest materials did not provide the Commissioner with sufficient notice of his *114 activities so as to bring him within the rule of Raley.[4]Hebrank v. Commissioner,supra. Mr. Hallock's conduct was calculated to conceal, rather than reveal, his activities. We hold that the Commissioner has proved, by clear and convincing evidence, that Mr. Hallock fraudulently underpaid his income taxes for 1976, 1977, and 1978. To reflect a concession by the Commissioner, Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.↩
2. The Commissioner has conceded the fraud issue for 1975.↩
3. Hebrank v. Commissioner,T.C. Memo. 1982-496↩.
4. As a result of our holding herein, we need express no opinion regarding the Third Circuit's conclusion that a taxpayer's open defiance of the tax laws, as manifested by letters to the Secretary of the Treasury or to the Commissioner, suffices to render innocent conduct which is otherwise fraudulent. But see Powell v. Granquist,252 F.2d 56, 61-62 (9th Cir. 1958): "It is difficult to see why open defiance of a known law, with no attempt being made to hide such defiance, should any more negative the existence of fraudulent intent than where defiance in fact * * * is subsequently guised under a claim of ignorance." See also Hebrank v. Commissioner,↩ 81 T.C.     (Sept. 26, 1983).