DOROTHY N. ELLIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ellis v. Commissioner
Docket No. 18037-82.
United States Tax Court
T.C. Memo 1985-177; 1985 Tax Ct. Memo LEXIS 459; 49 T.C.M. (CCH) 1213; T.C.M. (RIA) 85177; April 8, 1985. *459 Held, respondent's determination that petitioner is liable for the addition to tax under sec. 6653(b), I.R.C. 1954, sustained. Dorothy N. Ellis, pro se. Arlene A. Blume, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By notice of deficiency dated April 15, 1982, respondent determined that petitioner is liable for deficiencies and additions to tax as follows: Addition to tax under
Year
Deficiency
sec. 6653(b)
sec. 6654
1978
$2,467.00
$1,233.50
1979
2,421.00
1,210.50
$83.98
1980
3,387.00
1,693.50
215.80
The sole issue remaining for our decision is whether petitioner is liable for the addition to tax for fraud under section 6653(b), I.R.C. 1954. FINDINGS OF FACT None of the facts *460 have been stipulated. However, petitioner having failed to respond or object to respondent's first set of Requests for Admissions, the facts set forth therein have been deemed admitted and conclusively established pursuant to Rule 90(c) and (e), Tax Court Rules of Practice and Procedure.[1]
Petitioner, Dorothy N. Ellis, resided at 6600 Eastern Parkway, Baltimore, Maryland, at the time she filed her petition herein. During the years in issue, 1978, 1979, and 1980, petitioner was employed by C & P Telephone Co. (C & P) in Maryland. Petitioner received wages from C & P of $13,317.06, $13,825.88, and $16,731.26 in 1978, 1979, and 1980, respectively. Federal income tax in the amount of $2,110.80 for 1978, $333.80 for 1979, and $0 for 1980 was withheld from petitioner's wages. On April 12, 1979, petitioner executed and filed with C & P a form entitled a "Employee's Federal Withholding Exemption Certificate and Additional Federal Income Tax Withheld," claiming to be exempt from withholding and certifying that she had incurred no Federal income tax liability for the prior year and anticipated *461 incurring no such liability for the current year. On December 30, 1980, petitioner executed a similar form, again claiming to be exempt from withholding and certifying that she had incurred no Federal income tax liability for the prior year and anticipated incurring no such liability for the current year. After receiving petitioner's withholding certificates, personnel in C & P's payroll department entered the number "99" on the certificates to indicate to C & P's computer system that a full exemption had been claimed by petitioner. Petitioner filed a joint Federal income tax return with her husband for the tax year 1977. However, for the tax year 1978 petitioner mailed to the Internal Revenue Service a Form 1040 that contained no information except petitioner's name and address and the printed notation, "I Offer to Amend or to refile this return exactly as you wish it, if you will please show me how to do so without waiving my constitutional rights." Other sections of the form were either left blank or contained certain asterisks. At the bottom of the form petitioner explained that the asterisks meant that specific objections were made under the First, Fourth, Fifth, Seventh, *462 Eighth, Ninth, Tenth, Thirteenth, Fourteenth and Sixteenth Amendments to the U.S. Constitution. For the tax year 1980 petitioner mailed to the Internal Revenue Service yet another such document, showing only her name and address. At the time that the Federal income tax returns for 1978, 1979 and 1980 were due, petitioner knew that she was required to file returns for those years. After petitioner filed her petition in this Court, respondent's Appeals Office in Baltimore, Maryland made several attempts to schedule a hearing with petitioner for the purpose of trying to settle the case without trial. Petitioner did not appear at the scheduled hearings, whereupon her case was returned to respondent's District Counsel for purposes of pursuing legal action in this Court. On January 6, 1983, respondent mailed to petitioner a Request for Admissions pursuant to Rule 90 and Interrogatories pursuant to Rule 71. Petitioner failed to reply to said request and interrogatories. By letter dated March 10, 1983, this Court informed petitioner that the matters covered by respondent's Request for Admissions were deemed admitted because of petitioner's failure to respond thereto and advised petitioner *463 to communicate and cooperate with respondent in preparing for trial. On April 4, 1983, petitioner filed an Amended Petition containing little more than frivolous, insincere allegations. Petitioner appeared for the calendar call of the case at the trial session of this Court on April 4, 1983. After being advised by the Court that "counsel" appointed by petitioner would not be recognized since he was not admitted to practice before this Court, petitioner declined to present the merits of her case or to hear evidence against herself and left the courtroom. By order dated May 23, 1983, the Court, on respondent's motion, dismissed petitioner's case, insofar as it related to the income tax deficiencies and additions to tax under section 6654, for failure properly to prosecute. The Court also restored the case to the general docket for trial on the section 6653(b) issue. On November 28, 1983, respondent served a second set of Requests for Admissions on petitioner. Petitioner did respond to these requests, but her responses were insincere and knowingly frivolous.Petitioner stated in her responses that it was C & P that committed a false and fraudulent act by entering the number "99" *464 on the exemption certificates. At the trial on the section 6653(b) issue, petitioner admitted that she had entered the word "exempt" on her withholding certificates. Her stated theory for doing so was that wages are not income and that she is a "natural person." Lawrence Borland, who was C & P's payroll manager during the years in issue, explained that for computer programming purposes personnel in C & P's payroll department entered the number "99" on petitioner's exemption certificates after petitioner had written "exempt" on the certificates. The number "99" indicated to the computer that no taxes were to be withheld from petitioner's wages.Petitioner was familiar with the manner in which C & P processed withholding certificates because she worked in the payroll department. OPINION Fraud, for purposes of the section 6653(b) addition to tax, has been defined as an intentional wrongdoing with the specific intent to evade a tax believed to be due and owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Powell v. Granquist,252 F.2d 56, 60 (9th Cir. 1958). *465 The addition to tax in the case of fraud is a civil sanction provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud. Helvering v. Mitchell,303 U.S. 391, 401 (1938); Rowlee v. Commissioner,80 T.C. 1111, 1123 (1983). Respondent has the burden of proving, by clear and convincing evidence, that some part of an underpayment for each year was due to fraud. Sec. 7554(a); Rule 142(b). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud is never presumed; rather, it must be established by affirmative evidence. Beaver v. Commissioner,55 T.C. 85, 92 (1970). Fraud may, however, be proved by circumstantial evidence. Spies v. United States,317 U.S. 492 (1943). The taxpayer's entire course of conduct may establish the requisite fraudulent intent. Stone v. Commissioner,56 T.C. 213, 223-224 (1971); *466 Otsuki v. Commissioner,53 T.C. 96, 105-106 (1969). Having considered all of the evidence before us, including those facts deemed admitted pursuant to Rule 90(c) by petitioner's failure to respond to respondent's Requests for Admissions, we conclude that respondent has established by clear and convincing evidence that there was an underpayment in each of the years in issue and that at least some part of the underpayment for each of those years was due to fraud. The evidence reveals that petitioner was aware of the responsibility of filing proper income tax returns and in fact joined her husband in filing a return for the year preceding the years in issue. However, although petitioner received wages in 1978, 1979, and 1980, she filed forms not constituting returns for those years. In addition, she filed false exemption certificates in 1979 and 1980, claiming to be exempt from tax. Petitioner knew full well that by writing the word "exempt" on those certificates C & P's payroll personnel would enter the number "99" on the certificates so that the computer would understand that no tax was to be withheld from her wages. A pattern of nonfiling, when coupled with *467 affirmative evidence of intent to defraud, warrants imposition of the addition to tax for fraud. Stoltzfus v. United States,supra at 1004-1005; Grosshandler v. Commissioner,75 T.C. 1, 19 (1980). In addition, as we have held on numerous occasions, the filing of false withholding certificates is evidence of fraud. Hebrank v. Commissioner,81 T.C. 640, 642 (1983); Rowlee v. Commissioner,supra at 1125-1126; Stephenson v. Commissioner,79 T.C. 995, 1007 (1982), affd. 748 F.2d 331 (6th Cir. 1984); Habersham-Bey v. Commissioner,78 T.C. 304, 313 (1982). Petitioner's purported belief that she was exempt from tax because wages are not income and because she is a "natural person" is no excuse for filing false withholding certificates. Rowlee v. Commissioner,supra at 1125. Moreover, her proclaimed belief that she was exempt from tax is wholly unpersuasive in view of the plethora of judicial decisions rejecting petitioner's economic theories of taxation as totally devoid of merit. We consider petitioner's persistent refusal to cooperate with respondent *468 and with this Court in an effort to determine her correct tax liability as further significant evidence of fraudulent intent. [2]
In light of the foregoing, we sustain respondent's determination that petitioner is liable for the addition to tax under section 6653(b) for each of the years 1978, 1979, and 1980. Decision will be entered for the respondent.
Footnotes
1. All Rule references herein are to the Tax Court Rules of Practice and Procedure.↩
2. The instant case is distinguishable from Raley v. Commissioner,676 F.2d 980, 983 (3d Cir. 1982), revg. on this issue T.C. Memo. 1980-571↩, where the taxpayer "went out of his way to inform every person involved in the collection process that he was not going to pay any federal income taxes." The record in the instant case fails t reveal a comparable pattern of notification.