**Harold W. BROBECK, Plaintiff,**

v.

**UNITED STATES of America et al.,**
**Defendants.**

**Raymond M. HARTMAN, Plaintiff,**

v.

**UNITED STATES of America et al.,**
**Defendants.**

**David B. ADAMS, Plaintiff,**

v.

**Elliott RICHARDSON, Attorney General**
**of the United States, et al.,**
**Defendants.**

**Civ. A. Nos. 73-686, 73-765, 73-768.**

United States District Court,
W. D. Pennsylvania.

May 29, 1974.

See also, D.C., 376 F.Supp. 486.

Harold W. Brobeck pro se.

Raymond M. Hartman pro se.

David B. Adams pro se.

John P. Hines, Tax. Div., Dept. of Justice, Washington, D.C., for defendant.

OPINION

JOHN L. MILLER, District Judge.

Plaintiffs Harold W. Brobeck, Raymond M. Hartman and David B. Adams filed identical complaints and petitions, save for the tax years in question, on August 13, 1973, September 6, 1973, and September 7, 1973, respectively, requesting a three judge district court to enjoin and declare unconstitutional 26 U.S.C.A. §§ 7201, 7203 and declare unconstitutional 28 U.S.C.A. § 2201 as it excepts federal taxes from the Declaratory Judgment Act. The plaintiffs further maintain, as to the tax years in question in their respective cases, they executed the government blank form 1040 and various schedules up to the point wherein each determined to provide further information might tend to incriminate

them under State or Federal law.[1] They aver that the District Director of Internal Revenue rejected the returns without granting or offering to grant either an administrative or judicial determination of the validity of their respective Fifth Amendment claims. The plaintiffs next turn to 26 U.S.C.A. § 7203 [2] and assert the statute fails to provide necessary procedural steps toward the protection of their claim against self-incrimination. Consequently, it is argued the statute is unconstitutional and that a permanent injunction issue restraining the enforcement, operation and execution thereof. Plaintiffs additionally request a three-judge court pass upon each objection to every question on the government form 1040 based upon the Fifth Amendment right against self-incrimination.

In view of the common issues of law and fact raised in these actions and the government's motion to consolidate, this Court, pursuant to Rule 42(a), F.R.Civ. P., on October 25, 1973, granted the motion and consolidated the actions. Now pending is the government's motion to dismiss the actions.

The government contends there are no substantial constitutional questions presented by the plaintiffs; that the Court is without jurisdiction to declare the plaintiffs are not required to file tax returns by asserting the Fifth Amendment right against self-incrimination as a defense; and that the Court is without jurisdiction to enjoin the defendants from investigating the plaintiffs for alleged violations of 26 U.S.C.A. § 7203.

Upon consideration of the whole tenor of the plaintiffs' complaint, brief and argument, it is apparent the plaintiffs seek an anticipatory determination of the validity of their Fifth Amendment claim in refusing to provide the necessary data on the income tax returns from which a tax could be computed and an injunction against possible future criminal prosecution for violation of 26 U.S.C.A. § 7203.[3] While numerous authorities are cited by the plaintiffs with respect to the Fifth Amendment privilege against self-incrimination and its application in differing factual settings, they cite no authority to support their contentions warranting the convocation of a three-judge court to determine in advance of possible future prosecution their Fifth Amendment claims or that they are entitled to injunctive relief. Furthermore, there has been a total failure to establish a showing of irreparable harm or the lack of an adequate remedy at law. The imminence of good faith criminal prosecution or a jail sentence upon trial and conviction is not irreparable injury such as is ordinarily required to warrant injunctive relief. The Supreme Court in Douglas v. Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L. Ed. 1324 (1943) reh. den. 319 U.S. 782, 63 S.Ct. 1170, 87 L.Ed. 1726 (1943), long ago recognized the now "familiar rule that courts of equity do not ordinarily restrain criminal prosecutions." Chief Justice Stone speaking for the Court observed:

"No person is immune from prosecution in good faith for his alleged crimi-

---

1. The plaintiffs indicated on their individual returns their names, addresses and signed and dated the signature blocks. No further information appears on the returns attached to their complaints. It appears with respect to his 1972 return, Mr. Adams did not sign the initial return submitted to the Internal Revenue Service.

2. "Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return (other than a return required under authority of section 6015 or section 6016), keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such

return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 1 year, or both, together with costs of prosecution."

3. Mr. Hartman in his argument to the Court reflected this belief when he stated, "Now, if the Government is successful in having this present action dismissed, the mere bringing of this action is complete defense and for subsequent failure to return a filled in return." Tr. p. 23.

nal acts. Its imminence, even though alleged to be in violation of constitutional guaranties, is not a ground for equity relief since the lawfulness or constitutionality of the statute or ordinance on which the prosecution is based may be determined as readily in the criminal case as in a suit for an injunction." Id. 163.

In United States v. Blue, 384 U.S. 251, 86 S.Ct. 1416, 16 L.Ed.2d 510 (1966), Mr. Justice Harlan in delivering the opinion of the Court reversing a pretrial motion dismissing a criminal indictment on the basis that the taxpayer had been compelled to be a witness against himself because of the filing of petitions for review in the Tax Court a year earlier observed, "[e]ven if we assume that the Government did acquire incriminating evidence in violation of the Fifth Amendment, Blue [the taxpayer] would at most be entitled to suppress the evidence and its fruits if they were sought to be used against him at trial. * * * *Our numerous precedents ordering the exclusion of * * * illegally obtained evidence assume implicitly that the remedy does not extend to barring the prosecution altogether.* So drastic a step might advance marginally some of the ends served by exclusionary rules, but it would also increase to an intolerable degree interference with the public interest in having the guilty brought to book." Id. 255 (emphasis supplied).

■ Neither the complaint nor the record in the matter now before the Court discloses under the principles laid down by the Supreme Court in Douglas v. Jeannette, supra, and United States v. Blue, supra, such immediate or irreparable harm or inadequacy of remedy at law that it would be appropriate to enjoin future possibilities that may not come to pass as a matter of Constitutional right. Our opinion is clearly consistent with the expressed Congressional policy that courts should not intervene pre-emptively in a tax collection process. Brittingham v. United States Commissioner of Internal Revenue, 451 F.2d 315 (5 Cir.1971).

The remaining contentions of the plaintiffs with respect to the unconstitutionality of the Internal Revenue Code and the Declaratory Judgment Act are similar to Raymond M. Hartman's at Civil Action No. 73–788, 376 F.Supp. 486. We believe our disposition of the issues in that action are equally applicable to this proceeding. To hold otherwise, in our opinion, would adversely affect the public interest in disrupting the operation of the taxing procedures which are vital to the raising of public funds necessary to the well-being of this Nation.

In view of the foregoing, it is our belief that the government's motion to dismiss should be granted and the plaintiffs' requests for a three-judge court, declaratory judgment and injunction be denied.

An appropriate order shall be entered.