RAYMOND M. HARTMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hartman v. Commissioner
Docket No. 34226-83.
United States Tax Court
T.C. Memo 1985-482; 1985 Tax Ct. Memo LEXIS 152; 50 T.C.M. (CCH) 1058; T.C.M. (RIA) 85482; September 16, 1985. Raymond M. Hartman, pro se. Frank Falvo, for the respondent. CLAPP
MEMORANDUM OPINION CLAPP, Judge: Respondent determined the following deficiencies in and additions to petitioner's Federal income *153 taxes: Additions to Tax
Year
Deficiency
Secs. 6651(a) [1]
6653(a)
6653(b)
6654
1978
$13,572.75
$6,786.38
$432.83
1979
13,312.99
6,656.50
557.61
1980
16,082.20
$4,020.55
$804.11
1,025.73
Petitioner, Raymond M. Hartman, resided in Rochester, Pennsylvania, when he filed the petition in this case on December 8, 1983. The petition disputes all the deficiencies and the additions to tax set forth in the notice of deficiency, dated September 7, 1983. The petition states no specific facts, but merely alleges that petitioner's income was less than that determined by Commissioner and that his expenses were more than allowed. It also states that "Petitioner is a Freeman and is not required to file a 'Tax Return' nor is he required to pay a tax." Respondent filed an answer denying, in general, the allegations in the petition and setting forth allegations in support of the claim for the fraud addition *154 under section 6653(b), for tax years 1978 and 1979, and, in the alternative, setting forth allegations in support of the claims for additions to tax under section 6651(a) (failure to file a return) and section 6653(a) (negligence or intentional disregard of rules and regulations). Petitioner filed a reply denying the allegations for fraud. Petitioner admits that he did not file tax returns for the reason that he was not required to do so. Petitioner admits that he practices optometry, but denies that he received any income from this practice. Petitioner alleges that any receipts he received were in his capacity as a minister in the Basic Bible Church of America. Petitioner also denies "that any lawful monies were received by petitioner on behalf of any party whatsoever, due to the fact that the nature of the money of the United States of America has never been properly determined." On July 10, 1984, respondent served upon petitioner interrogatories under Rule 71 requesting information relating to petitioner's practice of optometry, any real property petitioner may have owned, and his Chapter of the Basic Bible Church. Petitioner failed to respond or object to the interrogatories. *155 On September 7, 1984, respondent filed a motion for an order compelling petitioner to answer the interrogatories. By order dated October 10, 1984, the Court directed petitioner to respond to the interrogatories no later than October 19, 1984. On October 22, 1984, respondent received petitioner's Answers to Interrogatories in which petitioner provided meaningless responses by either stating he was not engaged in business or that he had insufficient information to answer. On October 24, 1984, respondent filed a motion for an order to impose sanctions pursuant to Rule 104 based on petitioner's failure to properly respond to the interrogatories. On November 9, 1984, the Court ordered petitioner to show cause at the call of the calendar in Pittsburgh, Pennsylvania, why a default judgment should not be entered against him and why damages should not be granted under section 6673 for petitioner's failure to respond to respondent's interrogatories. On July 10, 1984, respondent also served upon petitioner a request under Rule 72 for production of all books, records, and other papers which reflect income received and expenses incurred by petitioner directly or on behalf of Basic Bible Church. *156 Petitioner failed to produce the documents or object to the request. On August 24, 1984, respondent filed a motion for an order compelling petitioner to produce the documents. Petitioner filed no objection to the motion. By order dated October 24, 1984, the Court directed petitioner to produce the requested documents no later than November 6, 1984. On November 14, 1984, respondent filed a motion for an order imposing sanctions pursuant to Rule 104 because of petitioner's failure to comply with the Court's order. On November 20, 1984, the Court ordered petitioner to show cause at the calendar call at the Pittsburgh, Pennsylvania trial session of the Court on November 26, 1984, why a default judgment should not be entered against him and why damages should not be granted under section 6673 for petitioner's failure to produce the requested documents. At the hearing, petitioner initially requested more time to compile the books and records and answers to the interrogatories on the ground that the lawyer who was advising him had had a severe auto accident two weeks before. However, no attorney has entered his appearance on behalf of petitioner. Moreover, petitioner in his motion *157 for continuance dated November 13, 1984, which was denied November 20, 1984, gave as one of his reasons for the continuance the fact that he is a pro se litigant. In any event, petitioner was served with the request for production of documents and interrogatories in July. On August 29, 1984, a notice of trial was issued to petitioner together with the Court's Standing Pre-Trial Order directing the parties to contact each other and cooperate in preparing a stipulation of undisputed facts.Petitioner had sufficient time to prepare his case and respond to respondent's discovery requests. Petitioner at the hearing then refused to relinquish the records that respondent requested, ostensibly on the grounds that he is not required to file a return. Despite the Court's attempts to determine whether petitioner had any excuse for failure to comply with the Court's discovery orders of October 10, 1984, and October 24, 1984, petitioner persisted in presenting irrelevant arguments, such as there is no statute that requires him to file a return. Our rules of practice and our orders mean exactly what they say and we intend that they be complied with. Rosenfeld v. Commissioner,82 T.C. 105, 111 (1984); *158 Odend'hal v. Commissioner,75 T.C. 400, 404 (1980), affd. 748 F.2d 908 (4th Cir. 1984); Branerton Corp. v. Commissioner,61 T.C. 691, 692 (1974). Respondent's discovery requests sought information and documents relevant and material to this case. Although given more than an ample opportunity to comply with our rules and two orders of this Court, petitioner has not done so and there is no valid reason in this record to justify his failure to comply. Petitioner's answer to the order dated October 10, 1984, directing petitioner to answer respondent's interrogatories, provided incomplete and evasive responses which were designed to thwart respondent's efforts to elicit relevant information. Moreover, petitioner made no attempt at all to comply with the Court's order of October 24, 1984, to produce relevant documents.At the hearing on respondent's motions, petitioner flatly refused to surrender the records. Petitioner has shown complete and utter disrespect for our rules and for the Court. Petitioner's unwarranted and unjustified conduct in flouting the discovery orders of the Court in this case constitutes a default under Rule 104(c). *159 Among the sanctions available, this Court has the authority to order the dismissal of the petition and thereby grant a default judgment for respondent with respect to the deficiencies and the additions to tax under section 6651, section 6653(a), and section 6654 which are set forth in the notice of deficiency and for which petitioner bears the burden of proof. McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); Eisele v. Commissioner,580 F.2d 805 (5th Cir. 1978); Dusha v. Commissioner,82 T.C. 592 (1984). With respect to the fraud addition under section 6653(b) for the taxable years 1978 and 1979, the consequence of finding a default is to deem admitted all respondent's factual allegations related to the fraud issue. Durovic v. Commissioner,84 T.C. 101, 118 (1985); Rechtzigel v. Commissioner,79 T.C. 132, 142 (1982), affd. on other grounds 703 F.2d 1063 (8th Cir. 1983). This sanction is appropriate inasmuch as petitioner's refusal to comply with the Court's discovery orders has prevented respondent from developing his case. We have examined *160 the allegations in the answer and find them to be sufficient to support a fraud claim. The answer alleges that "petitioner has made numerous statements concerning his tax protest status, and the fact that he intends not to pay any income taxes." This allegation raises a question under Raley v. Commissioner,676 F.2d 980 (3d Cir. 1982), revg. a Memorandum Opinion of this Court. However, we find the facts in this case to be distinguishable.[2] In Raley, there was a full trial which developed substantial evidence concerning letters sent by the taxpayer to the Commissioner and the Secretary of the Treasury informing them of his protestor status and of his intention not to pay taxes. The Third Circuit held that the Commissioner had not proven fraud because the taxpayer "went out of his way to inform every person involved in the collection process that he was not going to pay any federal income taxes. The letters * * * made it clear that Raley intended to call attention to his failure to pay taxes." 676 F.2d at 983-984. [3] In our case, the only statement we have is the allegation in the Commissioner's answer. We know nothing further about the nature *161 of petitioner's protestor statements and we are in this position because petitioner has failed to cooperate at every turn in the discovery process and has ignored Court orders that he produce documents and answer interrogatories, which might have brought his protestor statements to the level of those set forth in Raley. The situation is of petitioner's own making. Accordingly, we find for respondent with respect to the deficiencies and additions to tax under sections 6651, 6653(a), 6653(b), and 6654 as set forth in the notice of deficiency. On February 1, 1985, petitioner filed a "Motion to Vacate Deficiency and for Other Relief" in which petitioner requests that this Court enter judgment in his favor or transfer the case to the District Court. His reasons include that he has been deprived of a right to a jury trial, and that this Court is an illegal tribunal. As petitioner *162 well knows, the constitutionality of the Tax Court has been repeatedly upheld on the basis of congressional authority to create specialized courts under Article I of the Constitution. Hartman v. Switzer,376 F. Supp. 486, 489-490 (W.D. Pa. 1974) where petitioner raised the same argument. Additionally, petitioner has not been wrongfully denied a jury trial. It is well-settled that there is no constitutional right to a jury trial in the Tax Court. See Rowlee v. Commissioner,80 T.C. 1111, 1115 (1983) and cases cited therein. Petitioner had an option to seek another forum. Having chosen to file a petition in this Court, petitioner has foreclosed that option. The filing of a petition is enough to deprive a U.S. District Court of jurisdiction for the years now before this Court. Section 6512(a); Dorl v. Commissioner,57 T.C. 720, 721 (1972), affd. 507 F.2d 406 (2d Cir. 1974). We have no authority to remove this case to a U.S. District Court. Moreover, the taxpayer may not unilaterally withdraw a petition once filed without prejudice to his case. Estate of Ming v. Commissioner,62 T.C. 519 (1974). *163 Accordingly, petitioner's motion will be denied. Respondent in the two motions to impose sanctions requests that damages be awarded to the United States pursuant to section 6673. Section 6673 provides: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. * * * Petitioner is no stranger to this Court. See McGahen v. Commissioner,76 T.C. 468, 484 n. 16 (1981), affd. without published opinion 720 F.2d 664 (3d Cir. 1983). His argument that Federal Reserve Notes do not constitute income was rejected in Hartman v. Commissioner,T.C. Memo. 1977-63 (a case involving the determination of deficiencies in and additions to petitioner's Federal income taxes for the years 1969 and 1970). Prior to that case being decided, petitioner had filed numerous pre-trial motions challenging, inter alia, the validity of the notice of deficiency where no return is filed. This *164 contention was rejected in Hartman v. Commissioner,65 T.C. 542 (1975). Petitioner has also taken his frivolous arguments to the District Courts on numerous occasions where they have been consistently repudiated. Hartman v. Switzer,supra;Brobeck v. United States,376 F. Supp. 494 (W.D. Pa. 1974); Hartman v. Alexander, ( W.D. Pa. 1976, 37 AFTR2d 76-749, 76-1 USTC par. 9246). Petitioner's conduct of instituting legal actions and asserting the same frivolous arguments over and over again is precisely the type of conduct which Congress intended to be sanctioned in section 6673. Therefore, we conclude the maximum award of damages to the United States in the amount of $5,000 is appropriate. An appropriate order and decision for respondent will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all references to Rules are to the Tax Court Rules of Practice and Procedure.↩
2. We need not decide whether in a different circuit we will follow the reversal of the Court of Appeals for the Third Circuit in Raley v. Commissioner,676 F.2d 980↩ (3d Cir. 1982), revg. a Memorandum Opinion of this Court. 3. Hallock v. Commissioner,T.C. Memo. 1983-684↩.